USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,

                      Plaintiff,

-against-

RED POINTS SOLUTIONS, INC.,

                      Defendant.

20-CV-1547 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under brings under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, and state law. He alleges that Defendant wrongfully denied him earned vacation and sick pay benefits after his employment ended. By order dated February 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). On March 5, 2020, Plaintiff filed a motion for an order directing the Clerk of Court to issue a summons in this action and directing the United States Marshal Service to serve the summons and complaint on the Defendant and to pay any associated fees. (Doc. 12.)

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be

issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Red Point Solutions, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that Plaintiff's motion for an order of service is GRANTED. His request for an order directing Defendants to pay the costs of service by the United States Marshals Service is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to complete the USM-285 form with the address for Red Points Solutions, Inc., to issue a summons, and to and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package, and to terminate the motion at Document 12.

SO ORDERED.

Dated: March 11, 2020
         New York, New York

Vernon S. Broderick
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Red Points Solutions, Inc.
   12 East 49th St.,
   New York, NY 10017